DAVID REID and others, plaintiffs in error, vs. THE MAYOR AND COUNCIL OF THE CITY OF MACON, and others, defendants in error.

Injunction dissolved on the denial of the equity charged in the bill, the affidavits in support of the equity not being sufficient to overcome the denials of the answers.

In Equity from Bibb. Decision on motion to dissolve injunction, by Judge POWERS, November Term, 1857.

The bill in this case was filed by David Reid and others, citizens of Macon, and owners and occupants of certain houses and lots in said city, against the Mayor and Council of said city, and Joseph M. Boardman to restrain and enjoin defendants from building and constructing a certain branch sewer in said city, which they had commenced, and also to compel said Mayor and Council to extend a certain main

sewer from its present terminus, on to or near the Ocmulgee River.

The bill alleged that said main sewer received and conveyed large quantities of water and noxious and offensive liquids and matter from cellars, stables and privies, which it discharged into the street near the residences of complainants, whereby the atmosphere in the neighborhood was rendered impure and offensive—the health of the adjoining lots injuriously affected, and the value of the property greatly impaired, and much sickness and many deaths in the vicinity, occasioned by the foul, fetid affluvia and malaria thrown out and arising at the terminus of said sewer.

That Boardman, under a contract from the Mayor and Council, was proceeding in the construction of another sewer connecting with the main one already built, and which when completed would increase the amount of water and matter discharged at its terminus, and render still more unwholesome and sickly its vicinity.

The bill was read and sanctioned and the injunction granted.

Boardman answered, that he had by virtue of an agreement and contract with the City Council, begun the construction of the branch *sewer* complained of, but that his purpose in building it was to convey and carry off the rain water which fell upon and about his house and lot, and that so far from being an injury to complainants, or increasing the evils and nuisance of which they complained, it would, by throwing a larger volume of water into the main sewer, more effectually wash and carry off the deposits at its mouth: and further, that the water which he proposes to carry off, would flow through the streets into the main sewer already built, and could in no event increase the grievances complained of.

The Mayor and Council answered, that said main sewer had been constructed many years before at a great expense to the city, and without objection from any of the owners of the houses and lots in the vicinity of its terminus; and that so far from deteriorating the value of property in the neighborhood, it had greatly enhanced since the building of said sewer; that most of the complainants had purchased there since the sewer was built, and had no right to complain. They deny that the adjoining and adjacent residences are more sickly than other portions of the city, or that any deaths have resulted from its existence. They aver that it is of great utility and benefit in the drainage of that part of the city through which it runs, and that its extension to the point desired and indicated by complainants would involve an expense greater than the city at present is able to meet.

Upon hearing the bill, answers, and affidavits, in support of the bill, the Judge dissolved the injunction.

Whereupon counsel for complainants excepted.

LANIER & ANDERSON, for plaintiff in error.

E. A. & J. A. NESBIT, *contra.*

*By the Court.*—McDONALD J., delivering the opinion.

The City Council had granted permission to Boardman and others, "to build a sewer to drain the cellars of their lots on Mulberry street between second and third streets, so as to discharge the water from said sewer at such place as may be agreed upon by the said Boardman and others, and the street committee." The bill alleges that Boardman, Denham and others had commenced, and were then engaged, in conjunction with the Mayor and Council of Macon in building and constructing a branch sewer designed to connect with a main sewer described in said bill, at a place sta-

ted by complainants in their bill, and complainants allege that said branch sewer is intended to convey the waters and drainings of the privies and other places in and about the new buildings on the lots of Boardman, Denham and others, contrary to their natural course and channel into the said main sewer, to be conducted by it to its terminus. The terminus of the main sewer is on and near the lots of complainants, and conveys and deposits there the filth drained into it from livery stables, privies, kitchens, &c. along its line, and creates an intolerable nuisance, not only annoying the ·complainants with an insufferable stench, but engendering disease and fatal sickness.

The Mayor and Council answer, that by express understanding with Boardman and others, the branch sewer is to carry off nothing but the water which may, from time to time, accumulate in the cellars.

Boardman answers, that the branch sewer will neither make nor contribute to make a nuisance, and assigns as a reason, that nothing is to be drained through it from the cellars, but the water that may accumulate there according to the agreement with the Mayor and Council. The affidavits in support of the bill, except that of McElroy, have reference to the main sewer and the effects of its deposits. McElroy swears that the tank and pipes are so constructed that they may be used for carrying off into the cellars below the washings of the privies and water closets. We must construe the answer of Boardman according to its terms, and doing that, we must say, that notwithstanding tanks, pipes and conductors, may be constructed conveniently for the objects stated by McElroy, yet nothing more is to be drained than the water which accumulates in a natural way in the cellars. It cannot be, that water which is carried there by artificial means is an accumulation in the sense of the agreement with the City Council. If the defendants should use the sewer, hereafter, for any such purpose, an application may be made to the Court for a renewal of the injunction,

unless the main sewer should be so extended and covered as to protect the plaintiffs from the injury and annoyances complained of in their bill. As the judgment of the Court excepted to has reference to the branch sewer only, we affirm it.

Judgment affirmed.